UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Albert Davydov, individually and on behalf of all others similarly situated;<br><br>       Plaintiff,<br><br><br> -v.-<br>Portfolio Recovery Associates, LLC,<br><br><br>       Defendant. | Civil Action No: 1:20-cv-2024<br>_____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Albert Davydov (hereinafter, "Plaintiff"), a New York resident, brings this Class Action Complaint by and through his attorneys, Horowitz Law, PLLC, against Defendant Portfolio Recovery Associates, LLC (hereinafter "Defendant" or "PRA"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the Fair Debt Collection Practices Act (the "FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress

1

concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to this claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Queens, residing at 10910 Park Lane South, Richmond Hill, NY 11418.

8. Defendant Portfolio Recovery Associates, LLC is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 120 Corporate Blvd. Suite 100, Norfolk, Virginia 23502.

9. Upon information and belief, Defendant PRA is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

    a. all individuals with addresses in the State of New York;

    b. to whom Defendant PRA sent a collection letter attempting to collect a consumer debt;

    c. asserting that the statute of limitations to file a lawsuit to collect the debt has lapsed when in fact it had not;

    d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ l692e and 1692f.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 USC §l692e and 1692f.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff have no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

**FACTUAL ALLEGATIONS**

19. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

20. Some time prior to May 7, 2019, an obligation was allegedly incurred to HSBC Bank Nevada N.A. by Plaintiff.

21. The alleged HSBC Bank Nevada N.A. obligation arose out of a transactions in which money, property, insurance or services which were the subject of the transactions were primarily for personal, family or household purposes.

22. The alleged HSBC Bank Nevada N.A. obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

23. HSBC Bank Nevada N.A.is a "creditor" as defined by 15 U.S.C. §1692a(4).

24. Defendant PRA, a debt collector and the subsequent owner of the alleged HSBC Bank Nevada N.A. debt, contracted with Defendant PRA to collect the alleged debt.

25. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation I – May 7, 2019 Collection Letter*

26. On or about May 7, 2019, Defendant PRA sent Plaintiff a collection letter (the "Letter") regarding the alleged debt currently owed to Defendant PRA. **See Exhibit A**.

27. The letter states that it is being sent in connection with the balance due on the above referenced credit account and that the letter is a communication from a debt collector attempting to collect a debt.

28. The May 7, 2019 Collection Letter states: 'WE ARE REQUIRED BY LAW TO GIVE YOU THE FOLLOWING INFORMATION ABOUT THE DEBT. The legal time limit (statute of limitations) for suing you to collect this debt has expired. However, if somebody sues you anyway to try to make you pay this debt, court rules REQUIRE YOU to tell the court that the statute of limitations has expired to preven the creditor from obtaining a judgment. Even though the statue of limitations has expired, you may CHOOSE to make payments. However, BE AWARE: if you make a payment, the creditor's righ to sue you to make you pay the entire debt may START AGAIN. Also BE AWARE: if you admit to owing the debt, promise to pay the debt, or waive the statute of limitations on the debt, the time period in which the debt is enforceable in court may start again."

29. On information and belief, the statue of limitation for the alleged PRA debt had not expired at the time of Defendant's letter to Plaintiff.

30. The Letter's statement that "The legal time limit (statute of limitations) for suing you to collect this debt has expired" is false.

31. The Letter's statement that Plaintiff, if sued "court rules REQUIRE YOU to tell the court that the statute of limitations has expired to preven the creditor from obtaining a judgement", is false.

32. Whether a consumer may be sued in connection with the collection of a debt is a material piece of information to a consumer.

33. Collection letters are examined for purposes of 15 U.S.C. § 1692e under the "least sophisticated consumer" standard.

34. The least sophisticated consumer, upon being presented with the above-descirbed statement, would likely be misled into believing he is not at rish of being sued in connection with collection of the alleged debt.

35. The least sophisticated consumer, holding the mistaken belief that he cannot legally be sued in connection with collection of the alleged debt, would likely opt ot pay another debt he believes is not time-barred.

36. The least sophisticated consumer, holding the mistaken belief that he cannot legally be sued in connection with collection of the alleged debt, and upon reading that "Even though the statute of limitations has expired, you may CHOOSE to make payments. However, BE AWARE: if you make a payment, the creditor's righ to sue you to make you pay the entire debt may START AGAIN. Also BE AWARE: if you admit to owing the debt, promise to pay the debt, or waive the statute of limitations on the debt, the time period in which the debt is enforceable in court may start again," would be strongly disinclined from taking any action whatsoever in response to the Letter.

37. The least sophisticated consumer would likely believe that such inaction is in his best interest when, in fact, such inaction would only increase his risk of being sued in connection with collection of the alleged debt.

38. If sued sued in connection with collection of the alleged debt, and if a judgment is obtained, Plaintiff would be subject to the collection of post-judgment interest on the alleged debt.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e
### *et seq.*

39. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

40. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §1692e.

41. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

42. Defendants violated said section

    a. by omitting material information creating a false and misleading representation of the status of the alleged debt in violation of §1692e(10); and

    b. by falsely representing the character, amount or legal status of the alleged debt in violation of §1692e(2)(A);

    c. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorney's fees.

### COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f
*et seq.*

43. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

44. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

45. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

46.  Defendants violated this section by omitting material information that gave Plaintiff a false understanding of the rights provided him under the FDCPA.

47.  By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

48.  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Albert Davydov, individually and on behalf of all others similarly situated, demands judgment from Defendant PRA as follows:

1.  Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Uri Horowitz, Esq. as Class Counsel;

2.  Awarding Plaintiff and the Class statutory damages;

3.  Awarding Plaintiff and the Class actual damages;

4.  Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.  Awarding pre-judgment interest and post-judgment interest; and

6.  Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  Flushing, New York
        May 4, 2020

<u>/s/ Uri Horowitz</u>
By:  Uri Horowitz, Esq.
**Horowitz Law, PLLC**
14441 70th Road
Flushing, NY 11367
Phone: (718) 705-8706
Fax: (718) 705-8705
*Attorneys For Plaintiff*
